UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ARRION DONTA WRIGHT,<br><br>                Petitioner,<br>    v.<br>RENEE BAKER, et al.,<br><br>                Respondents. | Case No. 3:19-cv-00408-LRH-CBC<br><br>ORDER |

Arrion Donta Wright submitted a pro se 28 U.S.C. § 2254 habeas corpus petition and has now paid the filing fee (ECF Nos. 1-1, 5). The petition shall be dismissed as untimely.

The Antiterrorism and Effective Death Penalty Act (AEDPA) went into effect on April 24, 1996, and imposes a one-year statute of limitations on the filing of federal habeas corpus petitions. 28 U.S.C. § 2244(d). The one-year time limitation can run from the date on which a petitioner's judgment became final by conclusion of direct review, or the expiration of the time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A). Further, a properly filed petition for state postconviction relief can toll the period of limitations. 28 U.S.C. § 2244(d)(2).

A petitioner may be entitled to equitable tolling if he can show "'(1) that he has been pursuing his right diligently, and that (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2009) (quoting prior authority). Equitable tolling is "unavailable in most cases," *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) and "the threshold necessary to trigger

1

equitable tolling is very high, lest the exceptions swallow the rule," *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). The petitioner ultimately has the burden of proof on this "extraordinary exclusion." 292 F.3d at 1065. He accordingly must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *E.g., Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Ignorance of the one-year statute of limitations does not constitute an extraordinary circumstance that prevents a prisoner from making a timely filing. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ("a *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling").

In his federal petition, Wright states that the judgment of conviction he seeks to challenge–Case No. 278988-2–was entered in February 2013 (ECF No. 1-1, pp. 4, 9). He did not file a direct appeal, and therefore, his conviction became final 30 days later. The docket of the Nevada Court of Appeals reflects that Wright filed a state postconviction habeas corpus petition more than 5 years after the judgment of conviction was entered. Nevada Court of Appeals Case No. 76104. Wright claimed in his state petition that his sentence enhancement for robbery with use of a deadly weapon violates his federal constitutional rights to a fair trial, equal protection, and to be free from double jeopardy. The Nevada Court of Appeals affirmed the denial of the petition as untimely and therefore procedurally barred. *Id.*

Here, Wright acknowledges that his federal petition is untimely. He states, with no elaboration whatsoever, that he can demonstrate cause and prejudice to overcome the procedural default.

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

2

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

To demonstrate cause for a procedural default, the petitioner must be able to "show that some objective factor external to the defense impeded" his efforts to comply with the state procedural rule. *Murray*, 477 U.S. at 488 (emphasis added). For cause to exist, the external impediment must have prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

In federal habeas cases arising out of Nevada, the state courts, generally, apply substantially the same standards as the federal courts in determining whether a petitioner can demonstrate either cause or actual innocence in order to overcome a claimed procedural default. Thus, if the petitioner had no viable cause-and-prejudice or actual-innocence argument under the generally substantially similar federal and state standards, then the federal habeas claim is also subject to immediate dismissal with prejudice as procedurally defaulted. And again, while Wright included the cause and prejudice standards in his petition, he set forth no specific arguments as to how he could demonstrate cause and prejudice. He merely invokes the terms cause and prejudice and then argues his double jeopardy claim. Accordingly, the petition is dismissed.

**IT IS THEREFORE ORDERED** that the petition is **DISMISSED** with prejudice as untimely.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk shall enter judgment accordingly and close this case.

DATED this 28th day of October, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE

3